IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GREG LEE DUGAS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:11cv00417 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| S.R. YOUNG, et al., | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

    Plaintiff Greg Lee Dugas, a Virginia prisoner proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. However, at least three of Dugas's previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Therefore, Dugas may not proceed with this action unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

    As Dugas has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[2] the court dismisses his complaint without prejudice and denies his motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).[3]

    The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

    **ENTER:** This 7th day of September, 2011.

                                                      /s/ Norman K. Moon
                                                      NORMAN K. MOON
                                                      UNITED STATES DISTRICT JUDGE

---

[1] See Dugas v. United States, et al., No.1:02cv95 (E.D. Mo. Oct. 10, 2002) (dismissed as frivolous); Dugas v. Rogue Gov't Agents and Agencies, et al., No. 1:10cv3 (E.D. Mo. Feb. 12, 2010) (dismissed as frivolous); Dugas v. Hanover County Circuit Court, et al., No. 3:08cv72 (E.D. Va. Mar. 9, 2010) (dismissed with prejudice for failure to state a claim); Dugas v. Rogue Gov't Agents and Agencies, et al., No. 10-1622 (8th Cir 2010) (affirming dismissal as frivolous).

[2] Dugas alleges that the defendants were deliberately indifferent to his safety when they denied his initial requests in 2009 to be placed in protective custody, used excessive force against him in 2009, and denied him due process in 2009. The court also notes that Dugas is no longer housed at the institution where the alleged constitutional violations occurred. Upon consideration of his allegations, the court finds that Dugas has not demonstrated that he is in imminent danger of serious physical harm.

[3] Moreover, even if Dugas was not a three-striker or if he prepaid the filing fee or demonstrated imminent danger of serious physical harm, his complaint nevertheless should be dismissed as unexhausted pursuant to 42 U.S.C. §1997e(a). Dugas affirms that he has attached his attempts to exhaust administrative remedies to his verified statement. However, the grievances attached show that Dugas's "Regular Grievance" was rejected as untimely filed and that he did not appeal that rejection to a higher level. Therefore, the court finds that it is clear from the face of the complaint that Dugas has failed to fully exhaust his claims before filing this action. Woodford v. Ngo, 548 U.S. 81, 90 (2006).